Burke and Keating, JJ.
(dissenting). In our opinion the enactment of the amendment of the zoning ordinance by the vote of 9 to 2 by the council members present and voting met the requirement of section 83 of the General- City Law; for ‘ ‘ a three-fourths vote of the council.” The 11 members present consti-• *265 tuted a quorum, and the quorum constituted the Common Council on that day. The absence of two members made no difference. (See Matter of Lewis v. Mayor, 35 How. Prac. 162)
Had the Legislature intended section 83 of the General City Law to require a vote of three fourths of all the members of the Common Council, it would have so provided. Under the doctrine of “ expressio unius est exclusio alterius ”, the absence of such a requirement is significant and should be controlling. 'The following are illustrations of statutes in which the Legislature did so provide:
Second Class Cities Law:
“ § 34. Powers. * * * no expulsion shall take place and no vacancy on account of absence be declared except by the vote of three-fourths of all the members of the common council * * *.
“ § 35. Legislative acts. * * * The passage of an ordinance shall require the affirmative vote of at least a majority of all the members of the common council.
“ § 37. Disposition of real estate; franchises. No ordinance shall be passed making or authorizing a sale or lease of city real estate or of any franchise belonging to or under the control of the city except by vote of three-fourths of all the members of the common council.”
Optional County Government Law:
“ § 301 * * * (4) * * * shall be passed except by at least the majority affirmative vote of the total voting power of the board of supervisors.”
Municipal Home Rule Law:
“ § 20 * • * * 4 * * * total voting power of the [local] legislative body.”
Charter of the City of Rochester:
; “ § 71 * * * no member [of the council] may be expelled and no vacancy be declared on account of absence, except by the vote of three-fourths of all the members of the council ’ ’.
Section 83 of the General City Law makes no mention of all the members of the council or “total voting power” — the majority of the court reads these words into the statute.
Accordingly, the amended zoning ordinance approved by the Common Council of the City of Kingston (by three fourths of *266 the members present) should be. upheld as having been validly adopted.
Chief Judge Fuld and Judges. Scileppi, Bergan and Breitel concur with Judge Van Voorhis; Judges Burke and Keating dissent and vote to reverse in a memorandum.
Order affirmed.